**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CGI-NIT, LLC

Plaintiff,

v. ) C.A. No.: 06-470T

NARRAGANSETT INDIAN TRIBE

Defendant.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION TO ENLARGE TIME**

Now comes the plaintiff, CGI-NIT, LLC ("CGI"), and moves this Court for an Order denying Narragansett Indian Tribe's ("Tribe") motion for an extension of time in which to answer or otherwise respond to plaintiff's complaint. In support of this motion, plaintiff incorporates its memorandum of law and further states the following:

1. On September 12, 20006, CGI commenced this action in Washington Superior Court for the State of Rhode Island to enforce a promissory note between CGI and the Tribe dated April 2, 2001 in the amount of $10,000,000 (the "Note"). The Complaint alleges contractual and tort theories of relief. The Tribe was timely served with a copy of the complaint via certified and first class mail.

2. On October 18, 2006, CGI granted the Tribe a seven day extension of time to answer or otherwise respond to CGI's complaint. See Letter from Paul F. Beckwith, Esq., Cooley Manion Jones LLP, attached to plaintiff's supporting memorandum as Exhibit 1.

3. On October 25, 2006, the date upon which the Tribe's answer was due, the Tribe filed a Notice of Removal pursuant to 28 U.S.C. § 1441, alleging that this Court has jurisdiction

under 28 U.S.C. §§ 1331 and 1332. See Tribe's Notice of Removal, a copy of which is attached to Plaintiff's supporting memorandum as Exhibit 2.

4. In addition, the Tribe filed a motion to enlarge time, through November 28, 2006, to answer or otherwise respond to Plaintiff's complaint. See Tribe's Motion to Enlarge Time, a copy of which is attached to Plaintiff's supporting memorandum as Exhibit 3.

5. The Tribe's motion for an extension of time is unwarranted. Counsel for the Tribe argues he is "involved in other significant litigation…as well as a referendum question to be voted upon by the citizens of [Rhode Island] on November 7, 2006 and that plaintiff will not be prejudiced by the grant of additional time." See Exhibit 3.

6. Counsel's contention that he is simply too busy to answer or otherwise respond to plaintiff's complaint before November 28, 2006 is an unjustifiable basis upon which an extension of time to answer may be granted.

7. Further, plaintiff has suffered and continues to suffer damages for every day that this litigation is prolonged. Should the Tribe be permitted to wait until November 28, 2006, to answer or otherwise respond to plaintiff's complaint, the plaintiff will suffer significant prejudice.

8. Notwithstanding the Tribe's motion to enlarge time, removal in the first instance is unwarranted as this Court lacks a proper jurisdictional basis under either § 1331 or § 1332 to adjudicate this matter. No federal question exists in this action and the Tribe's lack of citizenship status destroys complete diversity between the Parties such that the matter should be summarily remanded to state court.

WHEREFORE, plaintiff respectfully moves this honorable Court to issue an Order: 1) denying defendant's request to enlarge time, and 2) summarily remanding this action to Washington Superior Court, awarding plaintiff statutory costs and attorneys' fees.

RESPECTFULLY SUBBMITTED,
PLAINTIFF, CGI-NIT, LLC,
By its attorneys,

Brian D. Gross, RI Bar # 6891
COOLEY MANION JONES LLP
One Center Place
Providence, RI 02903
(401) 273-0800

AND

Harry L. Manion III, MA BBO # 317440
Paul F. Beckwith, MA BBO # 550186
Christopher J. Cunio, MA BBO # 634518
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
617-737-3100

Dated: October 30, 2006
168787

## CERTIFICATE OF SERVICE

I, Brian D. Gross, hereby certify that a true copy of the above document was served on Defendant's counsel, John F. Killoy, Jr., 74 Main Street, Wakefield, Rhode Island 02879 via U.S. First Class mail on October 30, 2006.

Brian D. Gross

Dated: October 30, 2006
168787

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CGI-NIT, LLC | ) |
| Plaintiff, | ) |
| v. | ) C.A. No.: |
| NARRAGANSETT INDIAN TRIBE | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME**

The plaintiff, CGI-NIT, LLC ("CGI"), submits this memorandum in support of its opposition to the defendant Narragansett Indian Tribe's ("Tribe") motion for an extension of time in which to answer or otherwise respond to plaintiff's complaint.

**Background**

On September 12, 20006, CGI commenced this action in Washington Superior Court for the State of Rhode Island to enforce a promissory note between CGI and the Tribe dated April 2, 2001 in the amount of $10,000,000 (the "Note"). The Complaint alleges contractual and tort theories of recovery. Plaintiff CGI is an Illinois limited liability company with a principal place of business in Evanston, Illinois. CGI is the holder of the Note. Defendant Tribe is a federally recognized Indian Tribe with an administrative office in Charlestown, Rhode Island. The Tribe was timely served with a copy of the complaint via certified and first class mail.

On October 18, 2006, pursuant to the Tribe's request, CGI granted the Tribe a seven day extension of time to answer or otherwise respond to CGI's complaint. See Letter from Paul F. Beckwith, Esq., Cooley Manion Jones LLP, attached hereto as Exhibit 1. On October 25, 2006,

the date upon which the Tribe's answer was due, the Tribe filed a Notice of Removal pursuant to 28 U.S.C. § 1441, alleging that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332. See Tribe's Notice of Removal, a copy of which is attached hereto as Exhibit 2. In addition, the Tribe filed a motion to enlarge time, through November 28, 2006, to answer or otherwise respond to Plaintiff's complaint. See Tribe's Motion to Enlarge Time, a copy of which is attached hereto as Exhibit 3.

**Argument**

The Tribe's motion for an extension of time is unwarranted. Counsel for the Tribe argues he is "involved in other significant litigation...as well as a referendum question to be voted upon by the citizens of [Rhode Island] on November 7, 2006 and that plaintiff will not be prejudiced by the grant of additional time." See Exhibit 3. Counsel's contention that he is simply too busy to answer or otherwise respond to plaintiff's complaint before November 28, 2006 is an unjustifiable basis upon which an extension of time to answer may be granted. See McIntosh v. Antonino, 71 F.3d 29, 38 (1st Cir. 1995) ("Litigants cannot expect that courts will dance to their every tune, granting extensions on demand to suit lawyers' schedules....most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.") (internal quotation omitted). Further, plaintiff has suffered and continues to suffer damages each day this litigation is prolonged. Should the Tribe be permitted to wait until November 28, 2006, to answer or otherwise respond to plaintiff's complaint, the plaintiff will suffer significant prejudice.

Notwithstanding the Tribe's motion to enlarge time, removal in the first instance is unwarranted as this Court lacks a proper jurisdictional basis under either § 1331 or § 1332 to adjudicate this matter. No federal question exists in this action. Further, jurisdiction fails under

§ 1332 because it is well-settled in this Circuit that the Tribe's is considered a "stateless person" for jurisdictional purposes. See Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority, 207 F.3d 21, 27 (1st Cir. 2000).[1] Therefore, this Court lacks jurisdiction under § 1332 because the Tribe's citizenship status destroys complete diversity between the Parties. Given the lack of any jurisdictional basis under which this Court may hear this action, the case should be summarily remanded to Washington Superior Court, and plaintiff should be awarded statutory costs and attorneys' fees associated with the Tribe's improper removal.

**Conclusion**

WHEREFORE, plaintiff respectfully moves this honorable Court to deny the defendant's request to enlarge time and summarily remand this action to Washington Superior Court, awarding plaintiff statutory costs and attorneys' fees associated with the removal as against the removing defendant Narragansett Indian Tribe.

RESPECTFULLY SUBMITTED,
PLAINTIFF, CGI-NIT, LLC,
By its attorneys,

Brian D. Gross, RI Bar # 6891
COOLEY MANION JONES LLP
One Center Place
Providence, RI 02903
(401) 273-0800

AND

Harry L. Manion III, MA BBO # 317440
Paul F. Beckwith, MA BBO # 550186
Christopher J. Cunio, MA BBO # 634518
COOLEY MANION JONES LLP

[1] Despite the Tribe's petition to remove this action alleging, among other things, this Court has diversity jurisdiction, counsel is well aware of the law in this Circuit holding otherwise as he represented the Tribe in Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority.

21 Custom House Street
Boston, MA 02110
617-737-3100

Dated: October 30, 2006
1686788

**CERTIFICATE OF SERVICE**

I, Brian D. Gross, hereby certify that a true copy of the above document was served on Defendant's counsel, John F. Killoy, Jr., 74 Main Street, Wakefield, Rhode Island 02879 via U.S. First Class mail on October 30, 2006.

Brian D. Gross

Dated: October 30, 2006
168788