**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CGI-NIT, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No.: 06-CV-00470 |
| NARRAGANSETT INDIAN TRIBE, | ) |
| Defendant. | ) |

**PLAINTIFF CGI-NIT, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO REMAND**

Plaintiff, CGI-NIT, LLC ("CGI"), respectfully submits this memorandum of law in support of its motion for an Order, pursuant to 28 U.S.C. 1447(c), remanding this action to Washington County Superior Court and awarding Plaintiff costs and attorneys' fees associated with the removal as against the removing Defendant Narragansett Indian Tribe.

## Preliminary Statement

This breach of contract action arises out of CGI's enforcement of a promissory note dated April 2, 2001 in the amount of $10,000,000 (the "Note") against Defendant Narragansett Indian Tribe ("Tribe"). CGI is an Illinois limited liability company with a principal place of business in Evanston, Illinois. CGI is the holder of the Note. The Tribe is a federally recognized Indian Tribe with an administrative office in Charlestown, Rhode Island.

On September 12, 2006, CGI filed an action in Rhode Island's Washington County Superior Court against the Tribe to enforce the Note. A copy of the Plaintiff's Complaint is attached hereto as Exhibit 1. Thereafter, the Tribe was timely served with a copy of the complaint. In its complaint, CGI alleges two counts of breach of contract and breach of an

implied covenant of good faith and fair dealing resulting from the Tribe's actions and default on the Note.

On October 18, 2006, while the matter was still pending in state court, CGI granted the Tribe's request for a seven day extension to answer or otherwise respond to CGI's complaint. On October 25, 2006, the day the Tribe's answer was due, the Tribe filed a Notice of Removal pursuant to 28 U.S.C. § 1441 alleging that this Court has original jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1332. See Tribe's October 25, 2006 Notice of Removal, a copy of which is attached hereto as Exhibit 2.

**Argument**

The Tribe's petition for removal has no basis in fact or law. The Tribe filed a Notice of Removal pursuant to 28 U.S.C. § 1441, despite the absence of any federal question arising under CGI's complaint and with the knowledge that the Tribe's citizenship status destroys complete diversity between the Parties. Importantly, the Tribe was previously a party to an action in this circuit in which the very issue of the Tribe's diversity of citizenship status was litigated. See Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority, 207 F.3d 21 (1st Cir. 2000). In Ninigret, a case which was litigated by the Tribe's current counsel, the argument that the Tribe was a state citizen was squarely rejected by this circuit. In fact, the First Circuit held that the Tribe was analogous to a stateless person for jurisdictional purposes. Clearly, the Tribe's attempt now to wrongfully remove a state court case after the Appeals Court of this circuit has previously found such grounds for removal to be improper suggests that the Tribe has acted in bad faith. Therefore, CGI is entitled to be reimbursed for its costs and expenses in filing this motion.

I. THE DEFENDANT TRIBE BEARS A HEAVY BURDEN IN DEMONSTRATING THAT REMOVAL IS PROPER.

Removal of an action from state to federal court is governed by U.S.C. § 1441 which provides, in pertinent part, that "any civil action brought in a State court of which the district court of the United States have original jurisdiction [where there is diversity of citizenship or a federal question raised], may be removed by the defendant." However, because federal courts are courts of limited jurisdiction, it is presumed that a cause of action lies outside a court's jurisdiction unless the party asserting jurisdiction demonstrates otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

Where removal is challenged by a motion to remand a reviewing court "construes all factual allegations in favor of the party seeking the remand." Metropolitan Property & Casualty Insurance Co. v. J.C. Penney Casualty Insurance Co., 780 F.Supp. 885, 887 (D.Conn. 1991). A defendant who wishes to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1987); see also Cardillo v. Cardillo, 360 F.Supp.2d 402, 414 (D. R.I. 2005) quoting Brawn v. Coleman, 167 F.Supp.2d 145, 148 (D.Mass. 2001). As the removal statute is strictly construed, any doubts about the propriety of removal should be resolved against the removal of an action. Cardillo, 360 F.Supp.2d at 414. Here, the Tribe has the burden of establishing that removal is proper. Because it has failed to establish any basis under which this Court may have jurisdiction over CGI's complaint, the action should be remanded to Washington County Superior Court.

II. THERE IS NO JURISDICTIONAL BASIS TO REMOVE THIS ACTION UNDER 28 U.S.C. § 1331 IN LIGHT OF THE ABSENCE OF ANY FEDERAL QUESTION ADVANCED BY PLAINTIFF CGI'S COMPLAINT.

Federal question jurisdiction under 28 U.S.C. § 1331 exists when a cause of action is created by or turns on a substantial question of federal law. See Watch Hill Partners, Inc. v.

Barthel, 338 F.Supp.2d 306, 308 n.1 (D. R.I. 2004). It is well-settled law that where there is no diversity of citizenship between the parties and where the "proprietary of removal" rests on a determination of whether the case falls within the scope of federal question jurisdiction, the plaintiff's complaint controls the court's determination. Cardillo v. Cardillo, 360 F.Supp.2d at 414 (citing Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for So. Calif., 463 U.S. 1, 10 (1983)). Here, CGI's complaint relies solely on straightforward state-law breach of contact claims and remedies. CGI's complaint cannot support federal question jurisdiction for the plain reason that it does not allege any substantial federal question. The Supreme Court has made clear that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 810 n.6 (1986). Because none of CGI's claims implicate a federal question under § 1331, it is apparent that no federal jurisdictional platform exists to confer jurisdiction on this Court. Therefore, the Tribe's attempt to assert federal question jurisdiction is unavailing and the Court must remand this action to state court.

## III. AS THE ESTABLISHED PRECEDENT OF THIS CIRCUIT HOLDS THAT UNINCORPORATED INDIAN TRIBES ARE NOT "CITIZENS" FOR THE PURPOSE OF DIVERSITY JURISDICTION, THE DEFENDANT TRIBE'S CITIZENSHIP STATUS DESTROYS DIVERSITY BETWEEN THE PARTIES UNDER 28 U.S.C. § 1332.

Defendants seeking to remove an action on the basis of diversity of citizenship jurisdiction may do so in any suit where there is complete diversity of citizenship between all named plaintiffs and all named defendants and the amount in controversy is greater than $75,000. See 28 U.S.C. § 1332 (a).[1] While the diversity statute authorizes suits between citizens

[1] For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated as well as the state where it has its principal place of business. Id. at 1332 (c). Though it is not at issue here, CGI may be considered an Illinois citizen, given its registration and principal place of business in the state, as well as the fact that the company's day-to-day management and operations are maintained out of its Evanston, Illinois office.

of different states, the requirement of complete diversity is not met in the instant case because under the established precedent of this circuit, the Tribe is not a citizen of *any* state for diversity jurisdiction purposes. In Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority, the First Circuit Court of Appeals unequivocally held that unincorporated Indian tribes cannot sue or be sued in diversity because they are not citizens of any state within the meaning of § 1332 (a) (1). Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority, 207 F.3d 21, 27 (1st Cir. 2000) ("the presence of an Indian tribe destroys complete diversity"). In fact, the Tribe was a party to the above action and, as such, is well-aware of this holding. The Ninigret court specifically held that the Tribe, as a federally recognized Indian Tribe not incorporated under any law, was not a "citizen" over whom a federal court can asset diversity jurisdiction. Id. Because the Tribe is a stateless person for jurisdictional purposes, it cannot now attempt to remove the instant action to federal court on the basis of diversity jurisdiction since, as it well knows, its citizenship status destroys complete diversity between the parties.[2] Given that no basis exists for the Tribe to assert diversity jurisdiction, this Court should properly remand this action to state court.

## IV. THE TRIBE SHOULD PAY CGI THE COSTS AND ATTORNEYS' FEES INCURRED IN CONNECTION WITH THE TRIBE'S BAD FAITH REMOVAL.

---

[2] To the extent that the Tribe argues it should be considered a citizen of Rhode Island because it executed a limited waiver of sovereign immunity for disputes arising out of the Note, "consideration of that issue always must await resolution of the antecedent issue of federal subject matter jurisdiction." Ninigret Development Corp, 207 F.3d at 28 ("the mere presence of a tribal immunity defense does not, in and of itself, 'convert a suit otherwise arising under state law into one which...arises under federal law.'") (quoting Oklahoma Tax Commission v. Graham, 489 U.S. 838, 841 (1989)). Further, a number of circuits have addressed similar arguments and rejected the contention that a tribe's waiver of sovereign immunity creates state citizenship for diversity jurisdiction purposes. See American Vantage Companies, Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1099) (9th Cir. 2002) ("we reject the notion that [a] historical connection between waiver of immunity and incorporation means that a waiver of immunity creates de facto incorporation, let alone de facto state citizenship...."); Weeks Constr., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 671-72 (8th Cir.1986) (holding that a tribal agency's waiver of sovereign immunity does not confer subject matter jurisdiction on the federal court).

Title 28 U.S.C. § 1447 (c) expressly authorizes a district court remanding a case to "require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of removal." 28 U.S.C. § 1447 (c). Where a defendant's claim of right to removal is baseless, a district court may determine that reasonable attorney fees associated with the removal and remand are warranted. See Shamoun v. Peerless Importers, Inc., No. 03 CV 1227, 2003 WL 21781954, 3-4 (E.D. N.Y. 2003)[3] (party entitled to award of attorneys' fees incurred in resisting removal of his breach of contract action against defendant and in obtaining remand of case; given that complaint presented clear state-law breach of contract claim, impropriety of removal was apparent, and improper removal of case delayed action and added unnecessary litigation expenses). Although a showing of bad faith by a removing party is not required to justify an award of costs and attorneys' fees, here, the Tribe's conduct is in bad faith because the Tribe's petitioned for removal knowing its removal action was wholly without merit. In fact, present counsel for the Tribe litigated the very case (i.e., Ninigret) in which the First Circuit Court of Appeals held that the Tribe's citizenship status defeats diversity jurisdiction. Notwithstanding counsel's knowledge that no federal question is advanced in the action and that there is no diversity between the Parties, the Tribe petitioned this Court for removal on the very day its answer was due in the state court action. Given the circumstances, an award of costs and attorneys' fees is appropriate and warranted in this action. See Ballard's Service Center, Inc. v. Transue, 865 F.2d 447, 450 (1st Cir. 1989) (party initiating removal action should bear the consequences of attorney's unreasonable, ill-founded legal maneuver, which only served to irresponsibly prolong litigation and incur further expense for the opposing side); Peltier v. Peltier, 548 F.2d 1083, 1084-85 (1st Cir. 1977) (where appellants' attorney knew removals were

---

[3] All cases available only in electronic databases are attached hereto as Exhibit 3.

without merit and instituted groundless petitions for removal with the intent to delay and frustrate [state court's] jurisdiction, district court's grant of attorneys' fees and cost would be upheld); Syms, Inc. v. IBI Security Services, Inc., 586 F.Supp. 53 at 56-57 (S.D.N.Y. 1984) (attorneys' fees and costs awarded to plaintiff where removing defendant had no basis in law to remove); Ecology & Environment, Inc. v. Automated Compliance Systems, Inc., No. 00-CV-0887, 2001 WL 1117160 at 6-7 (W.D.N.Y. September 4, 2001) (attorneys' fees and costs awarded where "[d]efendants failed to establish a reasonable basis for removal").

**Conclusion**

For the foregoing reasons, Plaintiff CGI-NIT, LLC respectfully requests that this Court grant its motion for remand and award all costs and attorneys' fees associated with the removal as against the removing Defendant Narragansett Indian Tribe.

Respectfully submitted,
Plaintiff, CGI-NIT, LLC,
By its attorneys,

/s/ Brian D. Gross
Brian D. Gross, RI Bar # 6891
COOLEY MANION JONES LLP
One Center Place
Providence, RI 02903
(401) 273-0800

AND

Harry L. Manion III, MA BBO # 317440
Paul F. Beckwith, MA BBO # 550186
Christopher J. Cunio, MA BBO # 634518
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
617-737-3100

Dated: November 17, 2006
*170187*

## CERTIFICATE OF SERVICE

I, Brian D. Gross, hereby certify that a true copy of the above document was served on Defendant's counsel, John F. Killoy, Jr., 74 Main Street, Wakefield, Rhode Island 02879 via U.S. First Class mail on November 17, 2006.

/s/ Brian D. Gross
Brian D. Gross

Dated: November17, 2006
*170187*