**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CGI-NIT, LLC**

**Plaintiff**

**v.** **CA No. 06-470/T**

**NARRAGANSETT INDIAN TRIBE,**

**Defendant.**

**OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Now comes the defendant, Narragansett Indian Tribe ("Tribe"), a federally acknowledged and recognized Indian tribe and hereby objects to defendant's Motion to Remand. Attached hereto and in support hereof is the Tribe Memorandum of Law

Presented by:

*/S/ John F. Killoy, Jr.*

JOHN F. KILLOY, JR. (#3761)
74 Main Street
Wakefield, RI 02879
(401) 783-6840
(401) 782-2490 Fax
*j.killoy@verizon.net*

**CERTIFICATION**

I hereby certify that on the 4th day of December, 2006 a true electronically forwarded to Brian D. Gross, Esq., COOLEY MANION JONES, LLP, One Center Place Providence, RI 02903.

*/S/ John F. Killoy, Jr.*

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CGI-NIT, LLC**

**Plaintiff**

**v.** **CA No. 06-470/T**

**NARRAGANSETT INDIAN TRIBE,**

**Defendant.**

**DEFENDANT NARRAGANSETT INDIAN TRIBE'S MEMORANDUM IN OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff, CGI-NIT, LLC.'s ("CGI") herein alleges that defendant, Narragansett Indian Tribe's ("Tribe"), a federally acknowledged and recognized Indian tribe, Petition for Removal filed on October 25, 2006 fails to set forth grounds for removal pursuant to 28 U.S.C. § 1447.

**PRELIMINARY STATEMENT**

CGI initiated this breach of contract action in the Washington County Superior Court alleging *inter alia* that (1) CGI is an Illinois limited liability company; (2) the Tribe is a federally recognized Indian tribe; (3) that on or about April 2, 2001, CGI and Tribe had entered into a certain Promissory Note ("Note") in consideration for terminating a business relationship for development of a casino/gaming facility in the State of Rhode Island; and, (4) that the Tribe expressly waived any applicable sovereign immunity in connection with enforcement or collection of the Note. *See, Plaintiff's Complaint.*

Additionally, the Note contained a bargained for forum selection clause that the Tribe required be included in the Note which states that it "expressly submits to and

consents to the jurisdiction of the United States District Court of the District of Rhode Island . . .” *See Note at ¶ 2.10.*

The Tribe filed with this Court a Petition for Removal alleging that this court had diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

**1. Federal Diversity Jurisdiction Exists Between the Tribe and CGI – An Illinois LLC**

CGI misinterprets the holding of *Ninigret Dev. Corp v Narragansett Indian Wetuomuck Housing Authority*, 207 F.3d 21 (1st Cir. 2000) to stand for a universal rule that as a federally recognized Indian tribe, the Narragansett Tribe is precluded from asserting federal diversity jurisdiction pursuant to 28 U.S.C.A. § 1332.

In *Ninigret* plaintiff filed suit against the Tribe’s housing authority in the federal district court. The Tribe’s housing authority in reply argued that the court lacked diversity jurisdiction on two grounds, primarily that plaintiff was a citizen of Rhode Island and therefore there was no complete diversity of the parties and additionally, that under *Romanella v. Hayward,* 933 F.Supp. 163 (D.Conn. 1996) tribes may <u>not be sued under the court’s diversity jurisdiction</u>. The District Court stated - “ This Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a) because there is no complete diversity among the parties. In short, a federal court can never have diversity jurisdiction where a citizen of Rhode Island sues an Indian Tribe located in Rhode Island.” *Ninigret Dev. Corp v Narragansett Indian Wetuomuck Housing Authority,* 32 F.Supp.2d 497, 502 (D.R.I. 1999).

“Therefore, a federal court could never hear a state-law contract dispute between a Rhode Island citizen and a Rhode Island Indian tribe even if both parties agreed to file a

civil action in federal court. *Id.*[1] That simply is not this case. Here, CGI is not a citizen of Rhode Island and regardless of the status of the Tribe, it should not be precluded from enjoining the same rights other litigants enjoy to remove a case from state to federal court. There is nothing in *Ninigret* to the contrary. The underlying premise for permitting certain out-of-state parties from removing an action from state to federal court is to avoid local bias or prejudice. The same rational applies equally to Indian tribes and should apply here where state courts are often hostile to Indian rights. *See, Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 566-67(1983). There is also the long-standing federal policy of leaving Indians free from state jurisdiction and control.

In *Ninigret* the Tribe's housing authority argued for dismissal under federal law principles of comity and exhaustion of Tribal remedies. Where federal courts find they lack diversity jurisdiction over Tribes - as defendants – it is often done so in deference to tribal sovereignty and self-governance finding that non-tribal plaintiffs have failed to exhaust tribal remedies. "In cases involving Native Americans, diversity jurisdiction is precluded if exercising it would infringe on the right of the Native Americans to self-government." *Moore's Federal Practice, 3d Ed. § 102.23 (2006)* Judge Selya begins his opinion with that very premise: "This matter requires us to explore the complex web of considerations that envelops the interrelationship between federal courts and Indian tribal courts." 207 F.3d at 25.

There is no support in *Ninigret* to find that the Narragansett Tribe – as a defendant - may not remove a case from state to federal court under a claim of diversity.

---

[1] Hereto there is a forum selection clause for which the Tribe expressly bargained for and relied upon. As this Court has held – federal courts have generally enforced a forum selection clause in a contract. *Ninigret, 32 F.Supp. 2d at 504.*

**2. Federal Question Jurisdiction Exists**

Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place were such action is pending." Additionally, subsection (b) provides that"[a] civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United State shall be removable without regard to the citizenship or residence of the parties."

A defendant may remove an action based upon the allegations of federal jurisdiction founded within plaintiff's "well-plead complaint." The Supreme Court in *Caterpillar Inc. v. Williams*, 482 U.S. 386 held that

> Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-plead complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly plead complaint.

In this action, CGI has plead issues raising sufficient federal question to warrant removal. CGI's Complaint raises the issue of a limited waiver of tribal sovereign immunity and payments allegedly due on the Note as a result of that limited waiver. [2]

---

[2] Though counsel has not had the opportunity to exhaustively research the issue the alleged "business relationship for the purpose of establishing and developing a casino/gaming facility in Rhode Island" arise out of a contractual relationship entered into pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. § 2701, *et seq*. Counsel

The Supreme Court in *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 56-59 (1978), addressing the question of tribal sovereign immunity has held that:

> This aspect of tribal sovereignty like all others, is subject to the *superior and plenary control of Congress*. But without congressional authorization the Indian Nations are exempt from suit. The Court has long held that "tribal immunity is governed by federal law." [citations omitted]

Sovereign immunity is a matter of jurisdiction under federal law. *See Kiowa Tribe of Oklahoma v. Manufacturing Teck, Inc*. 523 U.S. 751 (1998), and *Maynard v. Narragansett Indian Tribe,* 798 F.Supp. 94, *aff'd* 984 F.2d 14 (1st Cir. 1993).

Furthermore, any payment allegedly due would be from funds earmarked to support internal tribal governmental programs and would by necessity result in the interference in tribal self-governance. CGI claims that the Tribe's right to certain payments under R.I. Gen. Law § 42-61.2-7 triggers its right to repayment of the Note. Regardless of the merits of this claim the funds are specifically earmarked for traditional governmental programs such ads health care, housing, education and elderly services. *See, State of Rhode Island v. Narragansett Indian Tribe*, 449 F.3d 16, 26 (1st Cir. 2006 (Tribal sovereignty includes matters of local self-governance) and *(State of Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685,703(1st Cir. 1994)(Indicia of self-government include housing, health care, education, social services and the like).

**CONCLUSION**

For those reasons stated herein CGI's Motion to Remand must be denied.

---

reserves the right to further supplement an argument under IGRA. *See, Plaintiff's Complaint* ¶ 5.

NARRAGANSETT INDIAN TRIBE

Presented by:

*/S/ John F. Killoy, Jr.*

JOHN F. KILLOY, JR. (#3761)
74 Main Street
Wakefield, RI 02879
(401) 783-6840
(401) 782-2490 Fax
*j.killoy@verizon.net*

**CERTIFICATION**

I hereby certify that on the 4th day of December, 2006 a true copy was forwarded electronically, to Brian D. Gross, Esq., COOLEY MANION JONES, LLP, One Center Place Providence, RI 02903.

*/S/ John F. Killoy, Jr.*