# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

DEC 5 1994

Honorable George H. Hopkins
Chief Sachem
Narragansett Indian Tribe
P.O. Box 268
Charlestown, Rhode Island 02813

Dear Chief Sachem Hopkins:

On October 20, 1994, we received the Tribal-State Compact between the Narragansett Indian Tribe (Tribe) and the State of Rhode Island (State), dated August 29, 1994 (Compact). We have completed our review of this Compact and conclude that it does not violate the Indian Gaming Regulatory Act of 1988 (IGRA), Federal law, or our trust responsibility. Therefore, pursuant to my delegated authority and Section 11 of the IGRA, we approve the Compact. The Compact shall take effect when the notice of our approval, pursuant to Section 11 (d)(3)(B) of IGRA, 25 U.S.C. § 2710(d)(3)(B), is published in the FEDERAL REGISTER.

Notwithstanding our approval of the Compact, Section 11(d)(1) of the IGRA, 25 U.S.C. § 2710(d)(1), requires that tribal gaming ordinances be approved by the Chairman of the National Indian Gaming Commission (NIGC). Regulations governing approval of Class II and Class III gaming ordinances are found in 25 C.F.R. §§ 501.1-577.15 (1994). Pursuant to the IGRA and the regulations, even previously existing gaming ordinances must be submitted to the NIGC for approval when requested by the Chairman. The Tribe may want to contact the NIGC for further information to determine when and how to submit the ordinance for approval by the NIGC.

In addition, if the Tribe enters into a management contract for the operation and management of the Tribe's gaming facility, the contract must likewise be submitted to, and approved by the Chairman of the NIGC pursuant to Section 11(d)(9) of the IGRA, 25 U.S.C. § 2710(d)(9) and the NIGC's regulations governing management contracts. The Tribe may want to contact the NIGC at (202) 632-7003 for information on submitting the management contract for approval by the NIGC.

APPENDIX D

Furthermore, we note that the Compact includes a reference to the sale of alcoholic beverages. The possession or sale of liquor in Indian Country is a violation of Federal criminal laws (18 U.S.C. § 1154) unless it is done in accordance with an ordinance certified by the Secretary and published in the FEDERAL REGISTER (18 U.S.C. § 1161). The Narragansett Indian Tribe does not have a certified liquor ordinance. Secretarial certification of such an ordinance must be obtained and published prior to the selling of liquor in Indian Country. The Tribe may want to contact the Bureau of Indian Affairs Eastern Area Office for assistance and information on the requirements for certification of the ordinance.

We wish the Tribe and the State success in their economic venture.

Sincerely,

Ada E. Deer

Ada E. Deer
Assistant Secretary - Indian Affairs

Enclosures

Identical Letter Sent to: Honorable Bruce Sundlun
Governor of Rhode Island
State House
Providence, Rhode Island 02903