NATIONAL
INDIAN
GAMING
COMMISSION

DEC 16 1996

Randy R. Noka
Tribal First Councilman
Narragansett Indian Tribe
P.O. Box 268
Charlestown, RI 02813
Fax (401) 364-1104

William S. Papazian
Vice President and General Counsel
Capital Gaming International, Inc.
8025 Black Horse Pike, Suite 250
West Atlantic City, NJ 08232
Fax (609) 383-3313

Dear Messrs. Noka and Papazian:

On June 21, 1995, the National Indian Gaming Commission (NIGC) received a class II and III gaming management contract (Contract) between the Narragansett Indian Tribe (Tribe) and Capital Development Gaming Corporation (Manager) for review and approval. Since that date, we have been working together to bring the Contract into regulatory compliance for approval by the NIGC.

The Indian Gaming Regulatory Act (IGRA), 25 U.S.C. § 2701, among other things, authorizes the NIGC Chairman to approve management contracts for gaming on Indian lands, as defined at 25 U.S.C. § 2703(4). Under the Contract, the Tribe and the Manager planned to conduct gaming on land (Settlement Land) the Tribe acquired under the Rhode Island Indian Claims Settlement Act (Settlement Act), 25 U.S.C. § 1708. As enacted on September 30, 1996, Public Law 104-208 amends the Settlement Act to remove the Settlement Land from the application of the IGRA. Further, it states that the Settlement Land "shall not be treated as Indian lands."

Because the Settlement Land has been removed from the application of IGRA and shall not be treated as Indian lands, the NIGC may not approve the Contract. Therefore, your Contract is disapproved. Please note that because of this, we did not complete our review for compliance under 25 C.F.R. Parts 531, 533, and 537.

The Tribe or the Manager may appeal this disapproval in accordance with 25 C.F.R. § 539.2. Any appeal shall be filed with the NIGC within thirty (30) days after notification of the disapproval pursuant to 25 C.F.R. Part 519. Failure to file an appeal within the time

frame provided shall result in a waiver of the opportunity for appeal. An appeal shall specify the reasons why the disapproval is erroneous and shall include supporting documentation, if any. Within thirty (30) days after receipt of an appeal, the NIGC shall render a decision unless the appellant elects to provide the NIGC additional time, not to exceed an additional thirty (30) days, to render a decision. In the absence of a decision within the time provided, the Chairman's decision shall constitute the final decision of the NIGC.

If you have any questions regarding this disapproval, please call us at (202) 632-7003.

Sincerely,

Harold A. Monteau
Chairman

cc: Charlie Hobbs, Fax (202) 296-8834