**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CGI-NIT, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No.: 06-CV-00470 |
| NARRAGANSETT INDIAN TRIBE, | ) |
| Defendant. | ) |

**PLAINTIFF CGI-NIT, LLC'S OBJECTION TO DEFENDANT NARRAGANSETT INDIAN TRIBE'S MOTION FOR RECONSIDERATION**

Now comes the Plaintiff, CGI-NIT, LLC, and moves this Court for an Order denying the Defendant Narragansett Indian Tribe's Motion for Reconsideration and awarding Plaintiff costs and attorneys' fees associated with the instant Motion as against the Defendant. In support of its Objection, Plaintiff incorporates and relies upon its Memorandum of Law and further states that the Defendant's Motion for Reconsideration should be denied because: (1) this Court's Order dated March 9, 2007 remanding the case to state court is not reviewable on appeal or otherwise; (2) the Defendant erroneously re-argues facts and theories which were or should have been introduced in its opposition to Plaintiff's Motion to Remand; and (3) this Court properly found that it lacks diversity jurisdiction over Plaintiff's state-law breach of contract claims as well as federal question jurisdiction since the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 et seq., is inapplicable to the promissory note and claims at issue. Costs and attorneys' fees are particularly appropriate here due to the duplicative, baseless nature of Defendant's motion.

WHEREFORE, Plaintiff respectfully requests this honorable Court deny Defendant's Motion for Reconsideration and enter judgment consistent with this Court's Order dated March

9, 2007 as well as award Plaintiff costs and attorneys' fees associated with the instant Motion as against the Defendant.

Respectfully Submitted,
Plaintiff, CGI-NIT, LLC,
By its attorneys,

/s/ Ralph R. Liguori
Ralph R. Liguori, RI Bar # 5039
COOLEY MANION JONES LLP
One Center Place
Providence, RI 02903
(401) 273-0800

AND

Harry L. Manion III, MA BBO # 317440
Paul F. Beckwith, MA BBO # 550186
Christopher J. Cunio, MA BBO # 634518
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

Dated: April 2, 2007

**CERTIFICATE OF SERVICE**

I, Ralph R. Liguori, hereby certify that a true copy of the above document was served on Defendant's counsel, John F. Killoy, Jr., 74 Main Street, Wakefield, Rhode Island 02879 via U.S. First Class mail on April 2, 2007.

/s/ Ralph R. Liguori
Ralph R. Liguori

Dated: April 2, 2007

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CGI-NIT, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No.: 06-CV-00470 |
| NARRAGANSETT INDIAN TRIBE, | ) |
| Defendant. | ) |

**PLAINTIFF CGI-NIT, LLC'S MEMORANDUM OF LAW IN OBJECTION TO DEFENDANT NARRAGANSETT INDIAN TRIBE'S MOTION FOR RECONSIDERATION**

Plaintiff CGI-NIT, LLC, respectfully submits this Memorandum of Law in Objection to Defendant Narragansett Indian Tribe's Motion for Reconsideration of the Court's Order dated March 9, 2007, which remanded the above-captioned matter to Washington County Superior Court. In addition, Plaintiff moves the Court for an award of costs and attorneys' fees associated with the instant Motion as against the Defendant.

**Background**

On September 12, 2006, CGI-NIT, LLC ("CGI") filed a breach of contract action in Washington County Superior Court against the Defendant Narragansett Indian Tribe ("Tribe") to enforce a promissory Note dated April 2, 2001 in the amount of $10,000,000 (the "Note"). (A copy of that Complaint is attached as Exhibit A; a copy of the Note is attached hereto as Exhibit B). On October 25, 2006, the Tribe filed a Petition for Removal alleging that this Court has original jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1332. On November 17, 2006, CGI moved to remand the case to state court and on February 16, 2007,

following oral argument, the Court issued an Oral Order granting CGI's Motion to Remand. On March 9, 2007, the Order was entered and the matter was remanded to state court. (A copy of that Order is attached as Exhibit C). On March 19, 2007, the Tribe filed a Motion for Reconsideration of the Court's Order granting CGI's Motion to Remand.

## Argument

### I. The Tribe's Motion for Reconsideration Should be Denied as the Court's Remand Order Is Not Subject to Review or Reconsideration.

A motion seeking reconsideration of a district court's ruling is properly brought under Federal Rule of Civil Procedure 59(e). Where a district court's order to remand is premised on a lack of subject matter jurisdiction, 28 U.S.C. § 1447 (d) expressly provides that "[a]n order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise..." (emphasis added). This language has been "universally construed to preclude not only appellate review but also reconsideration by the district court." See 16 MOORE'S FEDERAL PRACTICE § 107.42 (2006); see also FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979) (after remand to state court, the law in this Circuit is clear that a district court has no power to correct or vacate remand). Thus, once a district court has remanded a matter to state court, it is divested of jurisdiction and cannot take any further action on the case except to adjudicate collateral matters. MOORE'S at §§ 107.42 at n. 3; 107.43. Notwithstanding this absolute procedural bar, the Tribe has inexplicably submitted a Motion for Reconsideration, which seeks review of the Court's Remand Order and erroneously attempts to introduce details and arguments which were or should have been introduced prior to remand.

**II. Even if the Tribe's Motion for Reconsideration was not Barred by 28 U.S.C. § 1447 (d), it Would be Improper as it Re-argue Facts or Theories which Were, or Should Have Been, Introduced Prior to Remand.**

It is axiomatic that Rule 59(e) motions for reconsideration may not be used as an opportunity to re-argue facts and theories upon which a court has already ruled. DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001). Further, Rule 59(e) motions for reconsideration are not to be used as vehicles to present evidence or arguments which were available to a party prior to final judgment. Id.; see also Aybar v. Crispín-Reyes, 118 F.3d 10, 16 (1st Cir.1997) (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996)("Rule 59 (e) motions may not be used to relitigate old matters, raise arguments, or present evidence that could and should have been presented to the district court prior to the entry of judgment."). In fact, reconsideration of judgment is only appropriate when there is: (1) an intervening or change of controlling law; (2) the availability of newly discovered previously unavailable evidence; (3) a need to correct clear errors of law or fact upon which the judgment was based; or (4) a need to prevent manifest injustice. Demasse v. ITT Corp., 915 F.Supp.1040, 1048 (D. Ariz. 1995). Here, no such circumstances apply to the Court's order.

In fact, this Court considered and rejected both arguments for subject matter jurisdiction advanced by the Tribe in its petition for removal. Not only were the matters of diversity and federal question jurisdiction raised by counsel for the Tribe in its Objection to Plaintiff's Motion to Remand, but counsel had a full opportunity to present the Tribe's case at the February 16, 2007 hearing and did, in fact, raise the exact arguments as the present motion. Simply because the Court did not find support to grant the Tribe's petition for removal does not now entitle the Tribe to re-argue its case.

In its Order entered March 9, 2007, the Court made clear that neither federal question nor diversity jurisdiction exists in the instant action. The Court further took notice that the Indian Regulatory Gaming Act ("IGRA"), 25 U.S.C. § 2701 et seq. is inapplicable to the instant action, holding that "the promissory Note at issue is not a collateral agreement requiring NIGC approval under IGRA and...CGI's state law contract claims do not arise under IGRA, nor do they raise a substantial question under that statute." See Exhibit C. Thus, because the arguments presented in Tribe's Motion for Reconsideration have already been properly considered and rejected by this Court, the Motion must be denied.

**III. Despite the Theories Advanced by the Tribe in its Motion for Reconsideration, the Court Properly Determined that No Federal Question Jurisdiction Exists Since the IGRA is Inapplicable to the Note and the Claims at Issue.**

In general, a case commenced in state court may be removed only if it could be brought in federal court originally. 28 U.S.C. § 1441(a). In the absence of diversity jurisdiction, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Typically, the presence of a federal defense, such as IGRA preemption, will not support removal. Only when a federal statute has "preempted[ed] a field of law so completely that state law claims are considered to be converted into federal causes of action," will an action pleading state law claims be removable. Metropolitan Life Ins. Co. v. Taylor, 481 U.S.58, 63-64 (1987); Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996). In the present action, the Narragansett Tribe again argues that the IGRA should apply and preempt the Plaintiff's simple, common law breach of contract claim. Specifically, the Tribe argues that despite the plain language of the promissory Note at issue, the Note is actually a contract (or collateral agreement) to manage a gaming operation. As such, the Note (and this subsequent cause of action) are

subject to the IGRA, thereby establishing a Federal question. That argument is as baseless now, as it was when the Tribe first argued it on February 16, 2007.

The litany of case law interpreting the IGRA provides overwhelming support for the opposite conclusion -- that the IGRA has no applicability over a common law breach of contract action involving a simple promissory Note. The IGRA applies to limited causes of action between Indian Nations and outside parties. In a contractual dispute, the IGRA only applies where the contract at issue provides for, or is directly related to, the management of a gaming operation. Trump Hotels and Casino Resorts Development Co., LLC v. Roskow, et al., 2004 WL 717131, 2 (D.Conn. March 31, 2004) (attached as Exhibit D). The critical analysis requires determining whether resolution of the dispute over the contract at issue will somehow interfere with a Tribe's ability to govern gaming. Gaming Corp. of America, 99 F.3d at 549-550. If a claim does implicate, interfere or affect a Tribe's authority or ability to govern its gaming, the IGRA does not apply. Gaming Corp. of America, 99 F.3d at 549-550; Trump Hotels & Casino Resorts Development Co., at 2.

The Note and this dispute over the Note are entirely outside the scope of the IGRA. The promissory Note does not, in any way, provide for the management of a gaming operation nor does this dispute interfere with the Narragansett's ability to govern its gaming. The Note represents a settlement agreement between the Tribe and Capital Gaming which was entered into upon the termination of the parties' business relationship for repayment of monies spent on behalf of the Tribe. CGI merely seeks state law remedies for default on the Note. See Calumet Gaming Group-Kansas, Inc. v. the Kickapoo Tribe of Kansas, 987 F. Supp. 1321, 1325 (D. Kan. 1998) (court held where plaintiff sought state law remedies for breach of consulting agreement and default on a loan "such claims are not created by [the] IGRA, nor do they turn on a

substantial question involving that statute."). Obviously, the outcome of this dispute will have absolutely no effect on the Tribe's ability to govern gaming.

**IV. The Tribe Should Pay CGI the Costs and Attorneys' Fees Incurred in Connection with the Tribe's Improper and Groundless Motion for Reconsideration.**

While remand by a district court typically terminates the court's jurisdiction over the case, it nonetheless retains authority to adjudicate collateral matters such as costs, fees, and sanctions pertaining to the remanded action. MOORE'S at §§ 107.41; Willy v. Coastal Corp., 503 U.S. 131, 132-133 (1992) (attorneys' fees may be awarded following remand, including those resulting from Rule 11 sanctions where no subject matter jurisdiction); Cardillo v. Cardillo, 360 F.Supp.2d 402, 419-420 (D.R.I. 2005) (plaintiff entitled to attorneys' fees following remand under Rule 11 against defendants' attorneys based on their improper removal of state law action which necessitated motion to remand). 28 U.S.C. § 1447 (c) expressly authorizes a district court remanding a case to "require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of removal." While this Court previously declined to award CGI's attorneys' fees and costs associated with the Tribe's removal, such an award is entirely warranted at this juncture not only in light of the Tribe's baseless removal, but particularly given the Tribe's continued and unsupportable efforts to delay this matter with its latest Motion. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-768 (1980) (district court may award attorney's fees against party or attorney conducting litigation in bad faith); Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 426-428 (1923) (holding the same). The Tribe's attempt to interrupt the litigation of the merits of this case with baseless legal maneuvers concerning already-adjudicated questions of federal court jurisdiction clearly evidences bad faith by the Tribe. As a result, CGI has incurred and continues to incur significant and unnecessary litigation

expenses for which it is entitled to be reimbursed. An affidavit evidencing those attorneys fees and costs is attached hereto as Exhibit E.

**Conclusion**

For the foregoing reasons, Plaintiff CGI-NIT, LLC respectfully requests that this Court deny Defendant Narragansett Indian Tribe's Motion for Reconsideration and enter judgment consisted with the Court's Order dated March 9, 2007, as well as award Plaintiff all costs and attorneys' fees associated with the Motion as against the Defendant.

PLAINTIFF, CGI-NIT, LLC,
By its attorneys,

/s/ Ralph R. Liguori

Ralph R. Liguori, RI Bar # 5039
COOLEY MANION JONES LLP
One Center Place
Providence, RI 02903
(401) 273-0800

AND

Harry L. Manion III, MA BBO # 317440
Christopher J. Cunio, MA BBO # 634518
Paul F. Beckwith, MA BBO # 550186
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

Dated: April 2, 2007
*177033*

**CERTIFICATE OF SERVICE**

I, Ralph R. Liguori, hereby certify that a true copy of the above document was served on Defendant's counsel, John F. Killoy, Jr., 74 Main Street, Wakefield, Rhode Island 02879 via U.S. First Class mail on April 2, 2007.

/s/ Ralph R. Liguori
Ralph R. Liguori

Dated: April 2, 2007