EXHIBIT B

# PROMISSORY NOTE

$10,000,000 April 2, 2001

FOR VALUE RECEIVED, THE NARRAGANSETT INDIAN TRIBE, a federally recognized Indian Tribe ("Tribe") and its successors and assigns ("Obligor") unconditionally promises to pay to the order of CAPITAL DEVELOPMENT GAMING CORPORATION a Rhode Island corporation, and its successors and assigns ("Payee") the principal sum of TEN MILLION and No/100 DOLLARS ($10,000,000) in accordance with the payment provisions hereinafter set forth.

1. Terms of Note.

1.1. **Payment of Principal.** All unpaid principal of this Note shall be due and payable in 83 equal monthly installments of $119,000 followed by an 84th and final month's installment of $123,000, beginning on the sixtieth (60th) calendar day (the "Commencement Date") after the opening of any gaming, casino or similar facility, project or enterprise, whether on Tribal land, Settlement Act land, trust land or commercial land, and/or any such substituted facility, project or enterprise, and any expansion thereof, wholly or partially within the State of Rhode Island ("Casino Project") as to which the Tribe, the Tribal Gaming Commission, any Tribal administrative agency, any wholly or partially owned or controlled subsidiary, corporation or other entity or agent or representative, and members, affiliates, successors and assigns of any of the foregoing, present or future (altogether, the "Tribal Entities"), is owner, controller, sponsor or is otherwise involved, directly or indirectly; with interest as provided below, subject to Section 1.6 hereof.

1.2. **Prepayment.** Any unpaid principal of this Note may be prepaid at any time, without premium or penalty. All prepayments shall be applied first to accrued interest and any other charges or fees outstanding at the time prepayment is made and second to the outstanding principal balance.

1.3. **Interest.** Interest will be charged on the outstanding principal balance of this Note from the Commencement Date until the full amount of principal due hereunder has been paid, at a rate equal at all times to the prime rate of Fleet Bank, N.A. as of the Commencement Date plus one per cent per annum (the "Interest Rate"), payable monthly along with principal installments. Any principal, interest or other amounts payable hereunder but not paid when due shall bear interest until paid at said prime rate plus three per cent per annum (the "Overdue Interest Rate"). Interest charged hereunder shall be computed daily on the basis of a 360 day year for the actual number of days elapsed.

1.4. **Payment Terms.** All payments due under this Note shall be continuing, unconditional and full-recourse debt of the Obligor, provided that the obligation to pay such debt shall be limited as to source to revenues, dividends or other payments payable or due to the Tribe

or any Tribal Entity and arising from or in connection with any Casino Project. All payments made hereunder shall be made on the due date thereof, in immediately available funds and in lawful currency of the United States of America. All payments made hereunder shall be made to Payee at its offices set forth in this Note, or at such other address as Payee shall notify Obligor in writing, or deposited in or wire transferred to a bank account specified by Payee.

**1.5. Security.** As security for the payment of the monies owing under this Note. Obligor hereby assigns and pledges to Payee and grants to Payee a security interest in all such revenues, dividends or other payments and agrees that Payee may file financing statements in any office or place in Rhode Island as Payee may deem necessary or advisable to perfect such interest, and authorizes Payee to sign the name of the Tribe to such statements as attorney in fact, said authority being coupled with an interest and irrevocable. Obligor will execute any such financing statement and such further documents or instruments as Payee may request in support of the foregoing.

**1.6 Default.** If Obligor or any Tribal Entity providing funds for payment under this Note, as applicable, (i) breaches its obligation to pay or provide principal, interest or any other amount payable hereunder when due or to perform its obligations hereunder, (ii) becomes insolvent, bankrupt, subject to receivership, or files an assignment for the benefit of creditors. (iii) breaches its obligations under its Release being given concurrently herewith to Payee or (iv) allows any conflicting assignment, pledge or security interest in said revenues, dividends and payments, then (a) all principal and other amounts payable hereunder shall be accelerated and due in full immediately, without demand or notice, upon occurrence of any such event and (b) Payee shall then have all rights to enforce or collect all such amounts as may be provided under any applicable law.

**2. Miscellaneous.**

**2.1 Waiver of Demand.** Obligor (i) waives presentment, notice of dishonor and protest of this Note; (ii) consents to any and all extensions of time, renewals, waivers, or modifications that may be granted by the Payee with respect to the payment or other provisions of this Note; and (iii) agrees that makers, endorsers, guarantors, joint and several obligors, and sureties for the indebtedness evidenced hereby may be added or released without notice to Obligor and without affecting Obligor's liability hereunder. The liability of Obligor hereunder shall be absolute and unconditional.

**2.2. Notices.** Notices and communications under this Note shall be in writing and shall be given by (i) hand-delivery, (ii) confirmed telecopy, or (iii) reliable overnight commercial courier (charges prepaid) to the addresses given in this Note. Notices to Obligor shall be at its address given below, and notices to Payee shall be c/o Charles B. Brewer, Esq., 3010 LBJ Freeway, Suite 1200, Dallas, Texas 75234. Notice shall be deemed to have been given and received (a) if by hand delivery, upon delivery, (b) if by telecopy on the date of confirmation and (c) if by overnight courier, on the date scheduled for delivery. A party may change its address by giving written notice to the other party in such manner.

2.3. **Information.** Obligor will keep Payee generally informed as to developments concerning any Casino Project, proposed or actual, related legislation and the role and financial prospects of Obligor in connection therewith.

2.4. **Enforcement Costs and Expenses.** Obligor shall promptly pay (or reimburse, as Payee may elect) upon demand all costs and expenses which Payee may hereafter incur in connection with any enforcement of this Note including without limitation, the payment of all reasonable attorneys' fees in connection therewith and the collection of all amounts due under this Note.

2.5. **Payment Due on a Day Other than a Business Day.** If any payment due or action to be taken under this Note falls due or is required to be taken on a day that is not a business day, such payment or action shall be made or taken on the next succeeding business day and such extended time shall be included in the computation of interest.

2.6. **Governing Law.** This Note shall be construed in accordance with and governed by the substantive laws of the State of Rhode Island without reference to conflict of laws principles.

2.7. **Integration; Amendment.** This Note constitutes the sole agreement of the parties with respect to the subject matter hereof and supersedes all oral negotiations and prior writings with respect to the subject matter hereof. No amendment of this Note, and no waiver of any one or more of the provisions hereof, shall be effective unless set forth in writing and signed by Payee.

2.8. **Successors, Assigns, Tribal Entities.** This Note (i) shall be binding upon Obligor and its successors and permitted assigns; and (ii) shall inure to the benefit of Payee and its successors and assigns; provided, however, that, unless Payee consents in writing, Obligor may not assign its rights or obligations hereunder or any interest herein. and any such assignment or attempted assignment by Obligor, unless so consented. shall be void and of no effect with respect to Payee. Tribe will take all steps necessary to cause the Tribal Entities to provide Tribe with funds as may be necessary for Tribe to fulfill its obligations under this Note. Payee may from time to time sell or assign, in whole or in part, this Note and/or the obligations evidenced thereby.

2.9. **Severability and Consistency.** The illegality. unenforceability or inconsistency of any provision of this Note shall not in any way affect or impair the legality, enforceability or consistency of the remaining provisions of this Note.

2.10. **Limited Waiver of Sovereign Immunity; Consent to Jurisdiction.** Obligor acknowledges that its agreements and obligations relative hereto are of a commercial nature. and, in further consideration of the Release by Payee being delivered to Obligor concurrently herewith, for itself and all Tribal Entities, as applicable, hereby provides an express and irrevocable limited waiver of any applicable sovereign immunity and expressly consents to be sued should an action be commenced to determine and enforce the obligations of the parties under this Note or said Release by Obligor and any actions in conjunction therewith; provided

that this consent is not, and shall not be deemed to be, a consent by Obligor to the levy of any judgment, lien or attachment upon any property or income of Obligor other than on said revenues, dividends or other amounts payable to the Tribe or any Tribal Entity and arising from or in connection with any Casino Project. Obligor, for itself and all Tribal Entities, as applicable, expressly submits to and consents to the jurisdiction of the United States District Court of the District of Rhode Island or if not available, the State courts of the State of Rhode Island, or any other court of competent jurisdiction. and to the enforcement of any judgment or award thereof in any state or jurisdiction, whether within the State of Rhode Island or otherwise. Obligor expressly waives any claim or defense of exhaustion of Tribal administrative or judicial remedies, and further expressly covenants not to sue Payee or any subsidiary, parent, affiliate, successor or assign of Payee, present or future (altogether, the "Capital Entities") in any present or future Tribal court or Court of Indian Offenses or U.S.C. Court or Native American or tribal tribunal, jurisdiction or venue ("Tribal Tribunals"). Payee shall be entitled to recover all reasonable costs and attorney's fees incurred by it or any Capital Entity in any action instituted to enforce any of its or their rights under this Note or said Release. Obligor, for itself and all Tribal Entities, as applicable. hereby expressly waives any application of the exhaustion of tribal remedies that might otherwise require, as a matter of law or comity, that any dispute be heard first in any Tribal Tribunal. None of Payee or any Capital Entity consent to or shall be subject to process or suit or any jurisdiction in any Tribal Tribunal, but Capital and any Capital Entity may enforce any order or judgment in any Tribal Tribunal against any Tribal Entity or its assets, without itself being subject to jurisdiction therein for any purpose, the Tribe, for itself and all Tribal Entities, as applicable, consenting to jurisdiction in any Tribal Tribunal for such purposes. Obligor and each Tribal Entity irrevocably appoints the Chief Sachem and/or the First Councilman of Obligor, if available, or otherwise any of each and every governor, councilman, director and/or officer, as applicable, of Obligor, as its attorneys upon whom may be served, by regular or certified mail at the address set forth in this Note, any notice, process or pleading in any action or proceeding against it arising out of or in connection with this Note or said Release.

**2.11. Judicial Proceeding; Waivers.**

OBLIGOR, FOR ITSELF AND ALL TRIBAL ENTITIES, ACKNOWLEDGES AND AGREES THAT ANY SUIT, ACTION OR PROCEEDING, WHETHER CLAIM OR COUNTERCLAIM, BROUGHT OR INSTITUTED BY PAYEE OR ANY CAPITAL ENTITY OR ANY SUCCESSOR OR ASSIGN THEREOF, ON OR WITH RESPECT TO THIS NOTE OR THE DEALINGS OF THE PARTIES WITH RESPECT SHALL BE TRIED ONLY BY A COURT AND NOT BY A JURY AND WAIVES ANY RIGHT TO TRIAL BY JURY.

**IN WITNESS WHEREOF,** intending to be legally bound hereby, Obligor has executed and delivered to Payee this Note, as of the day and year first above written.

**ATTEST/WITNESS:**

____________________________

**THE NARRAGANSETT INDIAN TRIBE**

By:____________________________

Name: Matthew Thomas
Title: Chief Sachem

Address: c/o Offices of H. Jefferson Melish, Esq.
404 Main Street
Wakefield, Rhode Island 02879